OPINION
Defendant-appellant Michael R. Soulen appeals the December 29, 1999 Judgment Entry entered by the Mansfield Municipal Court, which convicted and sentenced him for violating Village of Lexington Ordinance 333.01(A)(3), following appellant's entering a plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 28, 1999, appellant was arrested for driving under the influence of alcohol, in violation of Lexington Ord. 333.01(A)(1); operating a motor vehicle with a prohibited blood alcohol concentration level, in violation of Lexington Ord. 333.01(A)(3); expired registration, in violation of Lexington Ord. 335.09(E); and traveling left of center, in violation of Lexington Ord. 331.06. Appellant appeared before the trial court on March 31, 1999, and entered pleas of not guilty to the charges. Appellant filed a Motion to Dismiss and Motion to Suppress on September 23, 1999. The trial court scheduled an evidentiary hearing on September 29, 1999. At the hearing, Patrolman John Tingley of the Village of Lexington Police Department testified, while on routine patrol during the late evening hours of March 28, 1999, he observed a vehicle with expired license plates parked at a gas station/convenience store located next door to the police department on West Main Street, Village of Lexington, Richland County, Ohio. Trooper Tingley parked his cruiser and proceeded into the convenience store. Appellant exited the store simultaneously. The trooper observed appellant approach and enter the vehicle with the expired plates, then travel onto the roadway. The trooper proceeded to his cruiser and followed appellant's vehicle while he called in the license plate number to dispatch. As Trooper Tingley waited for dispatch to respond, he observed appellant's vehicle travel left of center on two occasions. Thereafter, the trooper activated his overhead lights and initiated a stop of appellant's vehicle. Upon his initial contact with appellant, Trooper Tingley detected a strong odor of alcohol emanating from appellant's person, and also noticed appellant's eyes were bloodshot and his speech was slurred. The trooper asked appellant to exit the vehicle and perform several field sobriety tests, including the horizontal gaze nystagmus, the walk-and-turn test, and the one-legged stand test. Trooper Tingley observed six out of six signs of alcohol impairment with the horizontal gaze nystagmus. Appellant was unable to perform the other tests. Accordingly, the trooper placed appellant under arrest. At the conclusion of the evidence, the trial court, on the record, found Trooper Tingley had a reasonable and articulable suspicion of criminal behavior and/or activity to initiate the stop of appellant's vehicle as well as probable cause to arrest appellant. The trial court denied appellant's Motion to Dismiss and Motion to Suppress via Entry filed October 8, 1999. The matter came on for jury trial on December 27, 1999. Prior to the commencement of trial, the State dismissed the (A)(1) charge against appellant. Appellant subsequently withdrew his plea of not guilty and plead no contest to the (A)(3) charge. Pursuant to the plea negotiations, the State moved to dismiss the expired registration and the left of center charges. After accepting appellant's plea of no contest, the trial court found appellant guilty with respect to the (A)(3) charge. The trial court sentenced appellant to sixty days in the Richland County Jail. The trial court suspended the jail sentence, placed appellant on twenty-four months probation, and ordered him to participate in an alcohol treatment program. The trial court also imposed a fine of $400, plus court costs and suspended appellant's driver's license for twelve months. The trial court memorialized the conviction and sentence via Judgment Entry filed December 29, 1999. It is from the October 8, 1999 Judgment Entry appellant prosecutes his appeal, raising as his sole assignment of error:
 THE TRIAL COURT ERRED, WHEN IT FAILED TO SUPPRESS EVIDENCE FOLLOWING A STOP, BASED ON THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Herein, appellant contends the trial court erred in failing to grant his motion to suppress. Specifically, appellant argues because Trooper Tingley's testimony regarding his observation of the expired license plates was "impossible to believe," his entire version of the matter should have been discredited. Brief of Appellant at 9. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . .as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant's argument focuses only on the credibility of Trooper Tingley's testimony relative to his observation of the expired plates. The trial court found the trooper had a reasonable and articulable suspicion of criminal behavior and/or activity to initiate the stop not based solely upon the trooper's observation of the expired plates, but also upon his observation of appellant's vehicle traveling left of center on two occasions. We find this evidence alone provided Trooper Tingley with a sufficient basis for which to initiate the stop of appellant's vehicle. Once appellant was stopped and his alcohol impairment was disclosed, the trooper had probable cause to arrest. Accordingly, we find the trial court did not err in denying appellant's motion to dismiss and/or suppress. Appellant's sole assignment of error is overruled.
The judgment entry of the Mansfield Municipal Court is affirmed.
By: Hoffman, P.J. Edwards, J. and Milligan, V.J. concur